IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv596

| | |
|---|---|
| SCOTT REHBERG, WILLARD ALLEN RILEY, and MARIO RONCHETTI, On Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>Vs.<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF JAMESTOWN, LLC.<br><br>    Defendants. | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion for Conditional Certification and Judicial notice. Having considered the parties' briefs and oral arguments made on February 20, 2013, as well as the record and applicable law, and for the reasons set forth in this Order, plaintiffs' motion (#28) is granted.

**I. Procedural Background**

Plaintiffs, a group of bakery product distributors for defendant Flowers Baking Co. of Jamestown, a wholly owned subsidiary of defendant Flowers Foods, Inc. (together "defendants"), filed suit on September 11, 2012 alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq*. Plaintiffs allege they are misclassified by defendants as independent contractors, as opposed to full employees, and are therefore entitled to certain benefits, namely, time-and-a-half pay for hours worked in excess of forty (40) per week. They now move for conditional certification as a collective action under § 216(b) of the FLSA on behalf of

1

themselves and other current and former distributors. In support of their motion, plaintiffs allege that distributors have "substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions." Compl. 4, Sept. 12, 2012, ECF No. 1.

## II. Factual Background

The distributor position entails picking up Flowers bakery products from one of 24 defendant-owned warehouses in North Carolina, South Carolina, Virginia, and West Virginia, and delivering them to customers in a defined geographic territory. Def.'s Memm. Opp. Conditional Certification 3, January 4, 2013, ECF No. 33. The orders are first delivered to defendants' Jamestown, N.C. baking factory and then shipped to the respective warehouses where they are picked up for distribution and sale by distributors to customers. Paul Holshouser Aff. ¶ 5, January 4, 2013, ECF No. 32-2. Each warehouse is managed by a Sales Manager responsible for the oversight of the territories within their respective branch. Holshouser Aff. ¶ 3.

Distributors purchase or are otherwise granted distribution rights to certain product brands within a defined geographic territory. Holshouser Aff. ¶ 8. Plaintiffs allege that a distributor's route is pre-determined by defendant. Scott Rehberg Decl. ¶ 6, November 20, 2012, ECF No. 28-2. Five days of the week distributors restock shelves with fresh product and remove stale product, on the other two days, distributors organize shelves but do not deliver fresh product. Rehberg Decl. ¶ 6. Pursuant to defendant's contract with each distributor, each distributor is responsible for purchasing their vehicles and some of their own equipment. Id.

According to defendant, it is the distributor alone, not defendant, who determines the type of product and quantity that is delivered to a particular customer. Def.'s Memm. 5. The quantity to be delivered to each customer is based upon a four week average, to which distributors can

2

make adjustments based upon the customers' needs, as well as other variables such as weather and holidays. Id. at 5. According to plaintiffs, however, defendants reserve the right to change the quantity of a particular order and the distributor is required to deliver that amount, even if the distributor disagrees. Rehberg Decl. ¶ 6. Distributors are compensated on a "piece rate" basis in that defendants pay them based upon the quantity of product sold by customers. Id. While distributors can pursue additional cash accounts, plaintiffs contend that defendants retain exclusive control over Flowers products. Rehberg Decl. ¶ 8.

Distributors service both cash accounts and charge accounts, each type having distinct service requirements. Def. Memm. 7; Willard Riley Dep. 129:13-16, Dec. 18, 2012, ECF. No. 32-5. For cash accounts, distributors are apparently granted a certain amount of autonomy, including determining how long to spend servicing each customer; the ability to extend credit to the customer; and more discretion in certain other areas such as with marketing, product mix, and displays. Def. Memm. 7. In contrast, charge, or national, accounts are apparently governed by a stricter set of contractual requirements negotiated between the customer and defendants. Id. Such requirements include hours of service requirements, certain service procedures, and other regimented marketing programs. Id. While the number of cash and charge accounts each distributor services varies, the nature of the distributor position while servicing each type of account appears from the briefs to be substantially similar.

## III. Conditional Certification Under the FLSA

The FLSA's collective action mechanism serves the dual purpose of lowering litigation costs for individual plaintiffs, and decreasing the burden on the courts through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

3

"These benefits . . . depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id. Thus, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id., at 170-71.

Having carefully considered the Motion for Conditional Class Certification under FLSA § 216(b), the court finds that plaintiffs have shown that the putative class members were together the probable victims of a single decision, policy or plan. The named plaintiffs have brought forth substantial sworn allegations to meet the conditional class certification standard and which support the allegations as set forth in the Complaint. More specifically, plaintiffs have presented evidence that, in their employment as distributors of Flowers products, they are similarly situated inasmuch as: (1) plaintiffs have the same job duties; and (2) are subject to the same policies and standards determining their compensation and performance requirements. The court will therefore, conditionally certify and order notice be sent to the class.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Conditional Class Certification (#28) is **ALLOWED**, as follows:

1. conditional class certification regarding plaintiffs' claims under § 216(b) of the FLSA is **GRANTED** for the following class: all those employees who are or were working as distributors for defendants at any time from September 12, 2009 to the entry of this order;

4

2. the notice and consent form submitted jointly by the parties to the court is **APPROVED.** Plaintiffs shall file an electronic copy with the court through the ECF within five (5) days of the entry of this order;

3. plaintiffs shall disseminate notice to class members via first class mail and email.

4. defendant shall post the notice to prospective class members at each of its warehouses in an area regularly and routinely available for review by distributors;

5. within fourteen (14) days of the entry of the order, defendants shall provide to counsel for plaintiffs a list of all potential class members set forth in paragraph one (1) above with their names, last known addresses, dates of employment, job title, respective warehouse, phone numbers, last four digits of their Social Security numbers, and email addresses in an agreeable format for mailing. Counsel for plaintiffs may secure a full Social Security number fom any plaintiff who consents to participate in this action.

Signed: March 22, 2013

Max O. Cogburn Jr.
United States District Judge

5

Case 3:12-cv-00596-MOC-DSC   Document 38   Filed 03/22/13   Page 5 of 5