IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SCOTT REHBERG, WILLARD ALLEN RILEY, and MARIO RONCHETTI, individually and behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br><br>  v.<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF JAMESTOWN, LLC,<br><br>    Defendants. | Civil Action No. 3:12-cv-00596-MOC-DSC |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFF MICHAEL A. HARRIS

COME NOW Defendants Flowers Foods, Inc. and Flowers Baking Co. of Jamestown, LLC ("Defendants"), and file this memorandum in support of their motion for summary judgment on the claims of Plaintiff Michael A. Harris.

**A. STATEMENT OF CASE.**

On September 12, 2012, Plaintiffs filed their Complaint in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), seeking to represent a collective action of "similarly situated" individuals who contracted with Flowers Baking Co. of Jamestown, LLC as independent distributors. The Complaint also raised claims under the North Carolina Wage and Hour Act ("NCWHA"), and Plaintiffs seek to represent other North Carolina distributors in a Rule 23 class action under the NCWHA.

On November 21, 2012 Plaintiffs filed their motion for conditional certification of the FLSA collective action, and on March 22, 2013 the Court granted Plaintiffs' motion and ordered that notice be sent to all putative class members.[1] Notice was sent, and a total of twenty-nine

---

[1] The Court subsequently amended this Order on April 4, 2013 to address certain discrepancies in the putative class definition, among others.

individuals filed consents with the Court to join the lawsuit.[2] Michael A. Harris filed his consent with the Court on May 10, 2013.

Plaintiffs have not yet moved for certification of the NCWHA class under Rule 23.

**B.     STATEMENT OF UNDISPUTED FACTS.**

Defendant Flowers Foods, Inc. ("Flowers Foods") is the parent holding company of numerous operating subsidiaries throughout the country, each of which is organized as a separate legal entity and is responsible for its own day-to-day operations. Flowers Baking Co. of Jamestown, LLC ("Flowers/Jamestown") is one such subsidiary. (Doc. 32-1, Affidavit of Chuck Rich ¶ 2; Doc. 32-2, Affidavit of Paul Holshouser ¶ 1.) Flowers/Jamestown contracts with independent contractor distributors who purchase distribution rights to sell and distribute different branded products to customers in a defined geographic territory. (Doc. 32-2 ¶¶ 6-8.)

Michael A. Harris purchased a distributorship with Flowers/Jamestown by executing a Distributor Agreement with Flowers/Jamestown on January 14, 2008. (Exhibit 1, Bauswell Decl. ¶ 2). Harris sold his distributorship back to Flowers/Jamestown effective November 28, 2009. (Id., ¶ 2). As of November 28, 2009, Harris relinquished all rights in his distributorship, and has not been a distributor or performed any services for Flowers/Jamestown since November 28, 2009. (Id.).

On November 14, 2012, Harris filed a Voluntary Petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina, Bankruptcy Pet. No. 12-81366. (Exhibit 2 - Bankruptcy Petition of Michael A. Harris). Harris was represented by an attorney in his bankruptcy. (Exhibit 2, p. 2 of 59). In the bankruptcy petition, Harris did not disclose nor list as an asset of his estate his claims against Defendants under the FLSA or under the North Carolina Wage and Hour Act. In the schedule of "Personal Property" in the

---

[2] One consent - filer, Fred Brooks, has subsequently took a dismissal of his claims ( Doc. 48).

Petition, Harris disclosed "[p]ossible Consumer Rights Claim(s)" but did not disclose a claim against Flowers/Jamestown (Exhibit 1, p. 16 of 59). In response to a request to list "[o]ther contingent and unliquidated claims of every nature", Harris stated that he had "none". (Id., p. 15 of 59). Harris declared under penalty of perjury that the information contained in his Statement of Financial Affairs was true and correct. (Id., p. 3 of 59). Thereafter, Harris never filed any amended schedules to list any additional claims.

On December 10, 2013, the Bankruptcy Court entered an order confirming Harris' Chapter 13 plan. (Exhibit 3 – Docket Statement, Pet. No. 12-81366).

On May 10, 2013 Harris filed a Consent to Join FLSA Collective Action with the Court. (Doc. 45-3). However, as noted above, Harris failed to disclose his claims anywhere in his Bankruptcy Petition or attached schedules, nor did he ever file amended schedules to disclose this claim after he filed his Consent to Join.

**C.     ARGUMENT.**

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While all facts and the reasonable inferences therefrom must be construed in the light most favorable to the non-moving party, that party only creates a "genuine" issue of fact when she produces evidence that would create a reasonable probability, and not a mere possibility, of a jury finding in her favor. *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 512 (4th Cir. 1993). Indeed, Rule 56 requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). Unsupported speculation is insufficient to defeat a motion for summary judgment. *Evans v. Techs Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

> **1. Harris' FLSA claim is barred by the statute of limitations because he filed his consent to join this lawsuit over three years after he last performed services as a distributor for Flowers/Jamestown.**

Harris filed his consent to join the collective action on May 10, 2013, more than three years and five months after he last was a distributor with Flowers/Jamestown. Accordingly, Harris' claim under the FLSA is barred by the statute of limitations, even assuming a three-year statute of limitations applies (it does not).

A claim under the FLSA must be commenced within two years following the accrual of the alleged violation or within three years, at the latest, if the violation was willful. 29 U.S.C. § 255(a) (An action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). In a collective action under 29 U.S.C. § 216(b), the claim is considered filed for statute of limitations purposes on the date that the individual claimant files written consent to become a party to the action. The Act provides as follows:

> In determining when an action is commenced for the purposes of Section 255 of this title, an action . . . shall be considered to be commenced on the date when the complaint is filed; <u>except that in the case of a collective action</u> or class action instituted <u>under the Fair Labor Standards Act of 1938, as amended, . . . it shall be considered to be commenced in the case of any individual claimant</u> - -
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such a date in the court in which the action is brought; or

4

> (b) if such written consent was not so filed or if his name did not so appear - - <u>on the subsequent date on which such written consent is filed in the court in which the action was commenced</u>.

29 U.S.C. § 256 (emphasis added); *see Royster v. McLawhon* (*In re Food Lion*), No. 94-2360, 1998 WL 322682 *13 (unpublished) (4th Cir. 1998) ("[S]igned consents filed after the filing of the complaint do not relate back to the date the complaint was filed. Rather, each claimant's action is commenced on the date on which his or her consent is filed with the court." (citation omitted); *Lee v. Vance Exec. Protection, Inc.*, 7 F. App'x 160, 167 (4th Cir. 2001) ("'Until a plaintiff, even a named plaintiff, has filed a written consent, [ ]he has not joined in the class action, at least for statute of limitations purposes.' In other words, consents not filed with the complaint do not relate back." (citation omitted).

It is undisputed that Harris was not "specifically named as a party plaintiff" at the time this lawsuit was originally filed. Harris filed his written consent, and his action under the FLSA was commenced, on May 10, 2013. Harris' FLSA claim in this lawsuit is for overtime premium pay he allegedly earned while providing services as a distributor for Flowers/Jamestown. That claim would have accrued at the very latest on the November 29, 2009, the last time Harris owned a distributorship with or performed any services for Flowers/Jamestown. Under even the three year limitations period for willful violations under the FLSA, which Defendants deny is applicable here, Harris' claim is time-barred. Harris' FLSA claim should be dismissed.

**2.    Harris' NCWHA claim is barred by the statute of limitations because the lawsuit was filed well over two years after he last performed services as a distributor for Flowers/Jamestown.**

Harris' claim under the North Carolina Wage and Hour Act also is barred by the statute of limitations, among other grounds. A claim under the NCHWA must be commenced within two years. N.C. Gen. Stat. §95-25.22(f). Harris distributorship with Flowers/Jamestown ended

5

on November 29, 2009, and Plaintiffs filed this lawsuit over two and one-half years later on September 12, 2012. Even assuming that Harris' claims under the NCWHA relate back to the original filing date, the action was commenced well beyond the two year limitations period. Defendant is entitled to summary judgment on Harris' claims under the NCWHA.

> **3.   Harris is judicially estopped from pursuing his claims against Flowers/Jamestown because he did not disclose them in his bankruptcy petition.**

Harris' claims against Defendants also must be dismissed because he did not disclose the claims as an asset of his estate in the bankruptcy proceeding, and he is judicially estopped from pursuing his claims because of his failure to do so. *In re Family Dollar FLSA Litig.*, No. 3:08 MD 1932, 2011 WL 4899972 (W.D. N.C., Oct. 11, 2011) (Granting summary judgment regarding two opt-in plaintiffs who failed to disclose their FLSA claims against Defendant in their respective bankruptcy proceedings).

Section 521 of the U.S. Bankruptcy Code imposes an affirmative duty on debtors to disclose to the bankruptcy court all actual or potential legal claims and the estimated value of the claims. See 11 U.S.C. § 521(a)(1). "Pursuant to this duty to disclose, debtors 'must disclose all potential causes of action including litigation that is likely to arise in a non-bankruptcy setting.' " *Casto v. American Union Boiler Co.*, No. CIV.A 2:05-CV-00757, 2006 U.S. Dist. LEXIS 14781, at \*6 (S.D.W.Va. Mar. 16, 2006). The debtor has an obligation to disclose all potentially meritorious claims, not just those that are likely to succeed. Id. at \*\*8-10. This disclosure is essential to the processing of a bankruptcy petition because "all legal or equitable interests of the debtor," including any and all legal claims or causes of action that have accrued as of the date of the bankruptcy (or during the pendency thereof), become property of the bankruptcy estate as a matter of law upon the debtor's filing of the petition. 11 U.S.C. § 541(a)(1); *Usinternetworking*

*v. General Growth Mgmt.*, 310 B.R. 274, 282 (D. Md. 2004) (noting that full and complete disclosure in bankruptcy is required to preserve the integrity of the judicial function of the bankruptcy courts.))

Courts in the Fourth Circuit and elsewhere have long applied the doctrine of judicial estoppel to prevent a party who has successfully taken a position in one judicial proceeding, including bankruptcy proceedings, from taking the opposite position in a subsequent proceeding. *See Zinkand v. Brown,* 478 F.3d 634, 638 (4th Cir. 2007); *Brockington v. Jones,* No. 4:05-3267-RBH-TER*,* 2007 U.S. Dist. LEXIS 96248, at *1, *9-13 (D.S.C. Nov. 28, 2007) (and cases cited therein). In other words, an individual canot represent to the bankruptcy court that he has no legal claims or potential claims and then attempt to assert such claims in a later court action.

To establish a basis for judicial estoppel, the defendant must show that: (1) the plaintiff has advanced an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact, rather than law or legal theory; (3) the court in the first proceeding accepted the prior position; and (4) the plaintiff acted intentionally and not inadvertently. See *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir. 1998); *In re Family Dollar FLSA Litig.*, 2011 WL 4899972 at *3. All of these elements clearly are present here.

It is well-established that failure to disclose a claim to the bankruptcy court is treated as a representation that no such claim exists. *Brockington*, 2007 U.S. Dist. LEXIS 96248 at *10-11 (quoting *Stallings v. Hussmann Corp*., 447 F.3d 1041, 1047 (8th Cir. 2006). Accordingly, the doctrine of judicial estoppel has been applied to dismiss claims when the plaintiff has failed to disclose the claims or potential claims in a bankruptcy action. See *Id*. at *13 (dismissing race discrimination and harassment claims); *Casto*, 2006 U.S. Dist. LEXIS 14781 at *10-11 (dismissing age discrimination claim); *see also Gresham v. Food Lion, Inc.*, No. 01-1453, 2002

7

U.S. App. LEXIS 4739, at *1, *10 (4th Cir. Mar. 22, 2002) ("these claims were barred by the doctrine of judicial estoppel because [plaintiff] had failed to disclose the existence of these claims in a disclosure statement he filed in connection with a bankruptcy petition filed by [plaintiff] in the United States Bankruptcy Court"); *Payless Wholesale Distribs. Inc. v. Alberto Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993) (same); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 208, 209 (5th Cir. 1999) (same); *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861 (N.D.Ala. 1999) (same).

By failing to disclose his FLSA and NCWHA claims against Defendants in his bankruptcy proceeding, Harris effectively represented that no such claims existed. Harris' position in the instant lawsuit, which is premised upon such claims, is clearly an inconsistent position.

Further, the second element of judicial estoppel is also met because a plaintiff's assertion that he has valid claims in a lawsuit is a factual—and not legal—assertion as a matter of law. *Casto*, 2006 U.S. Dist. LEXIS 14781 at *7-9 (citing *USinternetworking*, 301 B.R. at 285) (omission of claim during bankruptcy proceeding is a factual matter).

The third element of judicial estoppel (namely, that the court in the first proceeding accepted the prior position) is also met. This element is established when the bankruptcy court confirms the debtor's plan, at least in part, based on its assessment of his assets and liabilities. *Brockington*, 2007 U.S. Dist. LEXIS 96248 (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (third element of judicial estoppel prong satisfied when the bankruptcy court confirmed the debtor's plan, at least in part, based on its assessment of his assets and liabilities). Here, Harris' failure to disclose his claims against Defendants as a contingent or

unliquidated claim was accepted by the bankruptcy court when it issued an order confirming Harris' Chapter 13 plan.

Finally, the facts establish that Harris' failure to disclose in his bankruptcy proceeding his civil claims against Defendant was intentional and not inadvertent. A debtor's failure to disclose an asset will only be deemed to be inadvertent when: (1) the debtor lacks knowledge of the claim, or (2) has no motive to conceal the case. *In re Family Dollar FLSA Litig.*, 2011 WL 4899972 at *2.

In *In re Family Dollar FLSA Litigation*, this Court has held that failure to disclose pending or potential FLSA claims to the bankruptcy court judicially estops an individual from pursuing such a claim in a civil lawsuit. In *Family Dollar*, this Court granted summary judgment to the defendant on the claims of two plaintiffs, Martinson and Slater, who had filed FLSA claims against Family Dollar stores. Martinson opted in to a FLSA collective action before she filed her petition for bankruptcy, and failed to disclose the FLSA claim in her later bankruptcy proceeding. *Id.* at *2. With regard to the fourth element, the Court held that Martinson acted intentionally in failing to disclose her FLSA claim to the bankruptcy court because she had knowledge of her claim at the time of her bankruptcy proceeding. *Id.* The Court held that she was estopped from then pursuing the FLSA claim in the civil lawsuit. *Id.*

Like Harris, Slater had filed for bankruptcy <u>before</u> she filed her lawsuit against the defendant under the FLSA (approximately 18 months before). *Id.* at *2. Like Harris' claim, Slater's claim sought overtime pay for periods extending back prior to her bankruptcy filing. *Id.* The Court held that Slater also had acted intentionally, and not inadvertently, in failing to disclose her FLSA claim to the bankruptcy court because "she was factually aware of the pay

9

practices underlying her Complaint" at the time she filed the bankruptcy petition. *Id.* at *3. The Court held:

> The debtor need not know all of the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then it is a "known" cause of action that must be disclosed.

2011 WL 4899972 at *3 (quoting *Gaskins v. Thousand Trails, LP*, 521 F.Supp.2d 693, 696 (S.D. Ohio 2007). This Court should do the same.

Simply stated: Harris should not be allowed to reap the protections of bankruptcy, as he already has, while attempting to pursue monetary damages from Defendants. This is exactly the kind of conduct that the doctrine of judicial estoppel is intended to protect against. See, e.g., *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998) ("Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts— to deter improper manipulation of the judiciary.") (citation omitted).

The Court should grant Defendants' motion for summary judgment, and dismiss Harris' claims against Defendants with prejudice, accordingly.

## D.     CONCLUSION.

For the reasons stated herein, Defendants request that the Court issue an order dismissing Plaintiff Harris' claims for the reasons stated above.

Dated this the 1st day of May, 2014.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

/s/ Margaret Santen Hanrahan
Kevin P. Hishta
GA Bar No. 357410
(Admitted *Pro Hac Vice*)
A. Craig Cleland
GA Bar No. 129825
(Admitted *Pro Hac Vice*)
Margaret Santen Hanrahan
GA Bar No. 578314
(Admitted *Pro Hac Vice*)
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Facsimile: 404.870.1732
kevin.hishta@ogletreedeakins.com
craig.cleland@ogletreedeakins.com
hanrahan@ogletreedeakins.com


/s/ Gregory P. McGuire
N.C. State Bar No. 14237
greg.mcguire@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel: 919-787-9700
Fax: 919-783-9412
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

Elmer D. Burks, Jr.
Route 52, Box 23
Kimball, WV 24853

Michael Harris
607 Olin Road
Cedar Grove, NC 27231

John Lewis
92 Self Lane
Fayetteville, WV 25840

Robert McClain
626 Piedmont Way
Burlington, NC 27302

Matthew Moucka
20990 Hwy. 73
Albermarle, NC 28001

Brandon Ring
32 Oriole Lane
Galax, VA 24333

Dated this the 1st day of May, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Gregory P. McGuire
N.C. State Bar No. 14237
greg.mcguire@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel: 919-787-9700
Fax: 919-783-9412
Attorneys for Defendantsm

*Attorneys for Defendants*