UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00596-MOC-DSC

| WILLARD ALLEN RILEY | ) | |
|---|---|---|
| MARIO RONCHETTI | ) | |
| SCOTT REHBERG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| FLOWERS BAKING COMPANY OF | ) | |
| JAMESTOWN, LLC | ) | |
| FLOWERS FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion for Summary Judgment. Plaintiff James A. Fields filed a timely Response (#89) to that motion and defendants neither filed a Reply, which was dues to be filed not later than July 21, 2014, nor notified the court that they did not intend to file a Reply as provided in Local Civil Rule 7.1(E), L.Civ.R. (W.D.N.C.). Having considered defendants' motion and reviewed the pleadings, the court enters the following Order denying defendants' Motion for Summary judgment based on a theory of judicial estoppel.

**FINDINGS and CONCLUSIONS**

**I.     Background**

Defendants have moved for summary judgment on opt-in plaintiff James A. Fields' FLSA claim based on a theory that he is judicially estopped from asserting such claim in this court because he failed to bring that claim to the attention of the bankruptcy court when he filed for personal bankruptcy protection under Chapter 13 on or about August 31, 2011. It is undisputed that he did not include his potential claim against his employer under the FLSA in his

1

sworn schedule of assets. When asked about such omission during his deposition in this case, Mr. Fields testified that while he questioned defendants' pay practices at that time, he had no knowledge in 2011 that he had a potential legal claim against his employer under the FLSA until he received the class notice this court approved in the Spring of 2013. Mr. Fields' Chapter 13 Petition was converted into a Chapter 7 and he received a discharge on September 26, 2012. Nearly eight months later, Mr. Fields opted-into this action.

**II.     Summary Judgment**

The court has considered the arguments of the parties alongside the evidentiary material provided by the parties. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
>   **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>   **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or

> dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By first reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the

inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

### III. Judicial Estoppel

For judicial estoppel to apply, "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. And the position sought to be estopped must be one of fact rather than law or legal theory." Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir.1996) (citation omitted). As a starting point, the Supreme Court provides three factors to determine when judicial estoppel should apply: (1) the party's later position must be clearly inconsistent with the earlier position; (2) the party must have succeeded in persuading a court to adopt the earlier position in the earlier proceeding; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (finding that if a litigant "assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a

4

contrary position"). "Additional considerations may inform the doctrine's application in specific factual contexts." Id. at 751.

The Court of Appeals for the Fourth Circuit has also interpreted judicial estoppel to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court. Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir.2007). Instead of factors, the Fourth Circuit has a three-part test which must be satisfied before applying judicial estoppel: (1) defendant must seek to adopt a position that is inconsistent with a stance taken in prior litigation; (2) the prior inconsistent position must have been accepted by the court; and (3) defendant must have "intentionally misled the court to gain unfair advantage." Id. The bad faith requirement is the "determinative factor." Id. (internal citation omitted).

Assuming that defendants can satisfy parts one and two of the test, the crucial consideration for this court is whether plaintiffs have shown that Mr. Fields intentionally misled the bankruptcy court to gain an unfair advantage. Mr. Fields testified, as follows:

> Q     In the bankruptcy paperwork you filed with the court, did you list your claims in this lawsuit as an asset? As something of value that you had?
> ***
> A     I didn't even know about this claim in the bankruptcy. I had no recollection of this until I done moved to Wilmington and I was notified.
> Q     Did you, at the time you left - - that you sold your distributorship back in - - was it August 4th of 2012? Is that right?
> A     Yes.
> Q     At that time did you believe that you had been unfairly compensated by Flowers of Jamestown?
> A     In somewhat way, yes.
> Q     Did you believe at that time, when you last August 4th of 2012, at that time did you believe that Flowers of Jamestown should have paid you overtime pay?
> A     Yes. I mean, because - - I don't know who come up with the numbers. I've seen some numbers….

Fields Depo. At 106-107 (Def. Ex 1. (#83-1)) (errors in the original). Construing the excerpts of testimony submitted in favor of the party resisting summary judgment, and considering all

reasonable inferences that testimony raise, plaintiff has testified that he did not know in 2011 that he had a claim against his employer under the FLSA, that when he ended his relationship with defendants in August 2012 he believed he had not been fairly compensated, that he received a discharge later that fall from the bankruptcy court, and he received a notice from this court the following year of his right to opt-into this action.

A debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). "The estate under § 541(a) succeeds only to those interests that the debtor had in property ***prior to commencement*** of the bankruptcy case." In re FCX, Inc., 853 F.2d 1149, 1153 (4th Cir.1988) (emphasis added). An order of confirmation "is treated as a final judgment with res judicata effect," In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir.1996); however, a bankruptcy court's jurisdiction does not extend to property that is not part of a debtor's estate. In re Signal Hill-Liberia Ave. Ltd. Partnership, 189 B.R. 648, 652 (Bkrtcy.E.D.Va.1995) (citing cases).

While defendants are correct that Mr. Fields claim was technically extant at the time he filed his petition in 2011, and that he became cognizant of the fact that he was not being fairly compensated in 2012, there is no evidence that he actually *knew* he had a colorable claim under the FLSA when he made the contested representation to the bankruptcy court in 2011. Without actual knowledge or willful ignorance at the time the statement is made, there can be no bad faith. Danley v. State Farm Mut. Auto. Ins. Co., 808 F.Supp. 399, 402 (M.D.Pa.1992) (finding that bad faith conduct "implies an actual, subjective decision to commit a wrong act."). The lack of evidence of bad faith at the time the filing was made with the bankruptcy court is determinative of this summary judgment motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Summary Judgment (#82) is **DENIED**.

Signed: July 23, 2014

Max O. Cogburn Jr.
United States District Judge