IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SCOTT REHBERG, WILLARD ALLEN RILEY, and MARIO RONCHETTI, individually and behalf of all similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF JAMESTOWN, LLC,<br><br>Defendants. | Civil Action No. 3:12-cv-00596-MOC-DSC |

## DEFENDANTS FLOWERS BAKING CO. OF JAMESTOWN, LLC'S AND FLOWERS FOODS, INC.'S MOTION TO DECERTIFY

Defendants Flowers Baking Co. of Jamestown, LLC ("Flowers/Jamestown") and Flowers Foods, Inc. ("Flowers Foods") (collectively "Defendants") respectfully move the Court to decertify this action as a collective action under 29 U.S.C. § 216(b). In support of this Motion, Defendants state:

1. Plaintiffs, who are independent contractor distributors with Flowers/Jamestown, filed their Complaint on September 12, 2012, alleging they were misclassified as independent contractors under the Fair Labor Standards Act ("FLSA"). Compl, Ct. Doc. No. 1. Plaintiffs seek overtime pay for hours worked over 40 and seek to represent a class of "similarly situated" independent contractor distributors with Flowers/Jamestown pursuant to 29 U.S.C. § 216(b). *Id.*

2. On March 22, 2013, the Court granted Plaintiffs' Motion for conditional certification, under the "lenient standard" typically applied at the conditional certification stage. Ct. Doc. No. 38. After the Court conditionally certified this case, notice issued, and extensive

discovery on the claims of the remaining 21 Plaintiffs[1] proceeded, including depositions of all Plaintiffs and multiple days of 30(b)(6) depositions. Because discovery, based largely on Plaintiffs' own admissions, establishes that they are not similarly situated, Defendants now move for decertification. Pursuant to L.R. 7.1(B), Defendants have conferred with Plaintiffs before filing this Motion.

3. To survive a motion to decertify, Plaintiffs face a "more stringent' inquiry" into whether they are "similarly situated" such that joinder is still appropriate. *Bouthner v. Cleveland Constr., Inc.,* 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012) (citing *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md. 2007)); *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008) (decertification standard is much "less lenient, and the plaintiff bears a heavier burden."). Mere evidence of similarities about "the mere facts of job duties and pay provisions" will not suffice. *Anderson v. Cagel's, Inc.,* 488 F.3d 945, 953 (11th Cir. 2007). Specifically, the Court must closely review Plaintiffs' disparate factual and "employment settings,"[2] the various defenses and whether they are individual to each, and other fairness and procedural considerations, all with an eye to whether Plaintiffs' cases may be efficiently and effectively tried together. *Reyes v. Tex. EZ Pawn, L.P.,* No. V-03-128, 2007 WL 101808, at *2 (S.D. Tex. Jan. 8, 2007).[3]

4. Here, as discussed more fully in Defendants' Memorandum in Support of Motion to Decertify, Plaintiffs readily admit that significant material differences exist between them on *virtually all* of the material factors necessary to adjudicate their claims. And, to the extent any

---

[1] Twenty-six individuals filed opt-in consents. In discovery, 2 opt-ins moved to dismiss their claims, Ct. Doc. Nos. 48, 70, and the Court dismissed the claims of 6 others for failure to participate in discovery. Ct. Doc. No. 92. Of the remaining 21, 9 are current and 12 former distributors. Kevin Bauswell Aff. ¶¶ 3-4, attached as Exhibit B.
[2] Defendants deny Plaintiffs were "employed" in any capacity.
[3] Uniform classification of workers or common payment practices is not sufficient to establish this strict standard. *Bambgose v. Delta T-Group, Inc.,* 684 F. Supp. 2d 660, 668-69 (E.D. Pa. 2010).

2

"common policies" exist, which is denied, they are enforced *so differently* that they cannot suffice as common proof. Most importantly, the widely varying evidence on each Plaintiff requires the factfinder to hear and weigh significant individualized evidence necessary to establish each exemption.

5. Further, fairness and procedural considerations weigh in favor of decertification here because, among other reasons, the evidence is *so widely varying* that the factfinder's required and highly-individualized determinations would be frustrated, *if not impossible*, without separate mini-trials for each Plaintiff. In a case like this and with such different testimony, Defendants "cannot be expected to come up with 'representative' proof when the plaintiffs cannot reasonably be said to be representative of each other." *Johnson v. Big Lots Stores, Inc.,* 561 F. Supp. 2d 567, 574 (E.D. La. 2008). In other words, Defendants' right to defend cannot be compromised by not allowing Defendants to offer individualized evidence and defenses for each Plaintiff. *Johnson,* 561 F. Supp. 2d at 587 (well-established that any purported "efficiency gains . . . cannot come at the expense of a defendant's ability to prove a statutory defense without raising serious concerns about due process").

6. In addition, because of the widely varying testimony of Plaintiffs, trying the cases together before the same jury risks irremediable jury confusion and error. Finally, none of the Plaintiffs will be prejudiced by decertification because the statute of limitations was tolled when each opted in, a judgment as to one "party plaintiff" here is not a judgment as to another, and each dismissed opt-in Plaintiff may pursue his own case separately.[4]

7. On these facts, decertification is proper because Plaintiffs have not—and cannot—meet their strict burden to establish they are similarly situated. For these reasons, and

---
[4] Indeed, Plaintiffs' counsel has represented that if this case is decertified, he would pursue 21 individual claims.

3

the reasons more fully set forth in the attached Memorandum in Support of Motion to Decertify, the Court should grant Defendants' Motion accordingly.

8. In support of this Motion, Defendants also file the following Exhibits attached hereto:

    a. Exhibit A: Affidavit of Margaret Hanrahan, with:

- Attachment 1: Summary of Evidence on Differences Between Plaintiffs from Plaintiffs' Depositions and:
    - Attachment 1a: deposition excerpts of Danny Barnes;
    - Attachment 1b: deposition excerpts of Larry Conrad;
    - Attachment 1c: deposition excerpts Johnny Easley;
    - Attachment 1d(i): deposition excerpts of Paul English;
    - Attachment 1d(ii): deposition excerpts of Paul English;
    - Attachment 1e: deposition excerpts of James Fields;
    - Attachment 1f: deposition excerpts of Glenn Gillelan;
    - Attachment 1g(i): deposition excerpts of Clifford Glavey;
    - Attachment 1g(ii): deposition excerpts of Clifford Glavey;
    - Attachment 1h: deposition excerpts of John Grant;
    - Attachment 1i: deposition excerpts of Christopher Helms;
    - Attachment 1j: deposition excerpts Donald Keistler;
    - Attachment 1k: deposition excerpts of Kenneth L. Kirk;
    - Attachment 1l: deposition excerpts of Michael Lanham;
    - Attachment 1m: deposition excerpts of Elmer Long;
    - Attachment 1n: deposition excerpts of Richard Marquard;
    - Attachment 1o(i): deposition excerpts of Scott Rehberg;
    - Attachment 1o(ii): deposition excerpts of Scott Rehberg;

4

- o   Attachment 1p(i): deposition excerpts of Willard Riley;
- o   Attachment 1p(ii): deposition excerpts of Willard Riley;
- o   Attachment 1q(i): deposition excerpts of Mario Ronchetti;
- o   Attachment 1q(ii): deposition excerpts of Mario Ronchetti;
- o   Attachment 1r: deposition excerpts of Bobby Shillinglaw;
- o   Attachment 1s: deposition excerpts of Charles Solomon Jr;
- o   Attachment 1t: deposition excerpts of Frederick Watson; and
- o   Attachment 1u: deposition excerpts of David Woods.
- Attachment 2: Summary of Pertinent Evidence From Depositions on Differences Between National Accounts and:
  - o   Attachment 2a: deposition excerpts of Steven Ainsworth;
  - o   Attachment 2b: deposition excerpts of Jeff Bagley;
  - o   Attachment 2c: deposition excerpts of Douglas Brown;
  - o   Attachment 2d: deposition excerpts of John Brown;
  - o   Attachment 2e: deposition excerpts of David Cook;
  - o   Attachment 2f: deposition excerpts of David Dodge;
  - o   Attachment 2g: deposition excerpts of James Hampton;
  - o   Attachment 2h: deposition excerpts of William Johnson;
  - o   Attachment 2i: deposition excerpts of Rick Leonard;
  - o   Attachment 2j: deposition excerpts of Robert Meadows;
  - o   Attachment 2k: deposition excerpts of Devina Roland;
  - o   Attachment 2l: deposition excerpts of Jeffrey Strain;
  - o   Attachment 2m: deposition excerpts of Julie Young; and
  - o   Attachment 2n: deposition excerpts of Darin Zaborski.
- Attachment 3: True and accurate copies of unpublished cases cited in the Memorandum in Support of Motion to Decertify;

  b.  Exhibit B: Affidavit of Kevin Bauswell, with attachment;

  c.  Exhibit C: Affidavit of Sherice Dunham, with attachments; and

  d.  Exhibit D: Affidavit of Marty Spears, with attachments.

WHEREFORE, for the reasons set forth above, and as more fully set forth in the Memorandum in Support of Motion to Decertify, the Court should grant Defendants' Motion to Decertify, dismiss the opt-in Plaintiffs' claims without prejudice, toll the statute of limitations for the opt-in Plaintiffs for thirty (30) days to allow them to refile if they so choose, and allow the claims and defenses for the named Plaintiffs to proceed to summary judgment and, if necessary, trial.

  Dated this 31st day of October, 2014.

              Respectfully submitted,
              OGLETREE, DEAKINS, NASH, SMOAK
              & STEWART, P.C.

              /s/ Margaret Santen Hanrahan
              Margaret Santen Hanrahan (GA Bar No. 578314)
              (Admitted *Pro Hac Vice)*
              Kevin P. Hishta (GA Bar No. 357410)
              (Admitted *Pro Hac Vice)*
              A. Craig Cleland (GA Bar No. 129825)
              (Admitted *Pro Hac Vice)*
              One Ninety One Peachtree Tower
              191 Peachtree St. NE, Suite 4800
              Atlanta, GA  30303
              Telephone:  404.881.1300
              Facsimile:  404.870.1732
              kevin.hishta@ogletreedeakins.com
              maggie.hanrahan@ogletreedeakins.com
              craig.cleland@ogletreedeakins.com

Benjamin R. Holland
N.C. Bar No. 28580
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3135
Fax: 704.342.4379
E-Mail: ben.holland@ogletreedeakins.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed this **Defendants' Motion to Decertify** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following persons:

Ann Groninger
Copeley Johnson & Groninger, PLLC
225 East Worthington Avenue
Charlotte, NC 28203
ann@cjglawfirm.com

Shawn J. Wanta
Baillon Thome Jozwiak Miller & Wanta LLP
222 South Ninth Street, Suite 2955
Minneapolis, Minnesota 55402
sjwanta@baillonthome.com

Dated this 31st day of October, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Margaret Santen Hanrahan
Margaret Santen Hanrahan
GA Bar No. 578314
(Admitted *Pro Hac Vice*)
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Facsimile:  404.870.1732
maggie.hanrahan@ogletreedeakins.com

Benjamin R. Holland
N.C. Bar No. 28580
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.405.3135
Fax: 704.342.4379
E-Mail: ben.holland@ogletreedeakins.com

*Attorneys for Defendants*