UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00596-MOC-DSC

| | | |
|---|---|---|
| SCOTT REHBERG, WILLARD ALLEN RILEY, and MARIO RONCHETTI, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| Vs. | ) ) | ORDER |
| FLOWERS BAKING COMPANY OF JAMESTOWN, LLC, and FLOWERS FOODS, INC., | ) ) ) ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the court on the parties' Joint Proposed Class Notice (#136), which the parties have submitted for this court's review pursuant to its previous order (#129) and Fed. R. Civ. P. 23(c)(2). Also before the court is Defendants' Motion to Stay Class Notice (#134) and Plaintiff's Memorandum in Opposition to such motion (#137). For the reasons explained herein, the court will deny the motion for a stay but allow the parties to brief the issues in dispute in the Proposed Notice.

On March 24, 2015, the court granted class certification of Plaintiffs' North Carolina Wage and Hour Act claims pursuant to Fed. R. Civ. P. 23. (#129). Defendants filed a petition pursuant to Fed. R. Civ. P. 23(f) to appeal the certification order, which was denied on May 21, 2015. (##130, 140). In moving to stay, Defendants asked this court to stay Class Notice pending the Fourth Circuit's decision on the interlocutory appeal. Such request is now moot as the Fourth Circuit has denied the petition for permission to appeal. Defendants also asked the court to

consider staying class notice until the court rules on Defendants' dispositive motions, which face a filing deadline of June 5, 2015. In light of the due process considerations of the class members and the requirements of Rule 23, the court will deny such request.

Notice to class members is required when, as here, a Rule 23(b)(3) class is certified. See Fed. R. Civ. P. 23(c)(2)(B). "Rule 23(c)(2) provides that, in any class action maintained under subdivision (b)(3), each class member shall be advised that he has the right to exclude himself from the action on request or to enter an appearance through counsel, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion. To this end, the court is required to direct to class members 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'" Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974) (quoting Fed. R. Civ. P. 23(c)(2)(B)). As noted in the Manual for Complex Litigation:

> Notice is a critical part of class action practice. It provides the structural assurance of fairness that permits representative parties to bind absent class members. In a Rule 23(b)(3) class, notice conveys the information absent class members need to decide whether to opt out and the opportunity to do so. In all class actions, notice provides an opportunity for class members to participate in the litigation, to monitor the performance of class representatives and class counsel, and to ensure that the predictions of adequate representation made at the time of certification are fulfilled. Proper notice also lessens the vulnerability of the final judgment to collateral attack by class members.

Manual for Complex Litigation (Fourth) § 21.31 (2004). When certification is made pursuant to Rule 23(b)(3), as here, "due process requires that putative class members receive notice and an opportunity to opt out." In re Veneman, 309 F.3d 789, 792 (D.C. Cir. 2002) (citing Fed. R. Civ. P. 23(c)(2)). See also Eisen, 417 U.S. at 173; 7AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Federal Rules of Civil Procedure. § 1786 (3d ed.) ("the notice

called for by Rule 23(c)(2) involves due-process considerations and is essential to give binding effect to a class-action judgment."). Although Rule 23 does not explicitly state when notice must be given, "district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified. The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated." Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995).

In light of the explicit directives of Rule 23 and the due process concerns of the class members, the court will not stay the class notice. The court will not rule on any dispositive motions in this case until all class members have been given notice and the opportunity to opt out of the litigation as required by Rule 23(c)(2). The court is mindful of the fact that the parties are in disagreement about the content of the notice and accordingly, will set deadlines for briefing the issues in dispute, as the parties requested in their Proposed Class Notice. (#136). If, upon review of the briefs, the court determines that a hearing or conference is warranted, it will set a date and time accordingly. The court therefore enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Stay Class Notice (#134) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall have 14 days from the entry of this Order to submit briefs regarding the two areas of dispute identified in the Proposed Class Notice (#136). Such briefs shall include reference to authoritative statutes, rules, and case law.

Signed: May 22, 2015



Max O. Cogburn Jr.
United States District Judge