UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00596-MOC-DSC

| | | |
|---|---|---|
| SCOTT REHBERG, WILLARD ALLEN RILEY, and MARIO RONCHETTI, individually and behalf of all similarly situated individuals,, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) ) | **ORDER APPOINTING SPECIAL MASTER** |
| FLOWERS FOODS, INC. and FLOWERS BAKING COMPANY OF JAMESTOWN, LLC, | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the stipulation of the parties for an Order appointing a special master (#172). With the consent and stipulation of the parties, this Court finds the appointment of a Special Master for purposes of presiding as an officer and agent of this Court over the deposition of Jimmie Woodward on August 25, 2015 is appropriate.

**IT IS THEREFORE ORDERED**, pursuant to Rule 53 of the Federal Rules of Civil Procedure, that the Honorable Carl Horn, III (ret.), a member of the bar and former United States Magistrate Judge in this district, is appointed Special Master for the purposes of presiding over the deposition of Mr. Woodward in Tallahassee, Florida on August 25, 2015. Judge Horn has filed with the Court an affidavit disclosing that there is no grounds for his disqualification from serving as Special Master under 28 U.S.C. § 455.

**IT IS FURTHER ORDERED**:

1. The parties agree, and specifically consent, that Judge Horn shall have the following duties and authority; which he shall exercise with all reasonable diligence in accordance with Rule 53:

    a. To attend and preside over the deposition of Jimmie Woodward in Tallahassee, Florida on August 25, 2015.

    b. To rule on any appropriate instruction to be given to the witness regarding the attorney client privilege or work product doctrines before the deposition;

    c. To rule on the Defendants' objections based on the attorney client privilege and/or the work product doctrine;

    d. To implement steps he deems necessary to rule on any such objections;

    e. To order the witness to answer questions when Judge Horn has overruled Defendants' objections and to order the witness not to answer when he has sustained the objection.

2. The parties shall have twenty-one (21) days following the close of the Woodward deposition to file objections to Judge Horn's rulings.

3. In ruling on the parties' objections to Judge Horn's rulings, if any, this Court shall review and decide *de novo* all rulings made by Judge Horn during the Woodward deposition.

4. Pursuant to the consent of the parties, Defendants shall pay the costs of Judge Horn's travel to Tallahassee.

5. Judge Horn shall be compensated at a rate of $350 per hour which cost shall be paid 50% by Plaintiffs and 50% by Defendants within 30 days of receipt of Judge Horn's invoice.

6. Judge Horn may only communicate *ex parte* with counsel for the parties for the purpose of scheduling-related matters.

7. Judge Horn may conduct a conference call with counsel for the parties prior to the Woodward deposition if he believes it is appropriate or necessary and/or request position statements as necessary.

8. Judge Horn shall be bound by the Court's Protective Order in this case. Therefore, the parties shall submit to Judge Horn any documents which Judge Horn requests prior to the Woodward deposition.

9. Because Judge Horn's rulings during the Woodward deposition will be transcribed by the court reporter, Judge Horn need only preserve or maintain records of evidence considered which is not reflected in the transcript of the Woodward deposition.

**SO ORDERED.**

Signed: August 21, 2015

Max O. Cogburn Jr
United States District Judge