UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00596-MOC-DSC

| SCOTT REHBERG, WILLARD ALLEN RILEY, | ) | |
| and MARIO RONCHETTI, individually and on | ) | |
| behalf of all similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| FLOWERS BAKING COMPANY OF | ) | |
| JAMESTOWN, LLC and FLOWERS FOODS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Defendants' Motion to Redact Portions of Transcript of Motion for Summary Judgment Hearing (#200), which has been fully briefed by the parties. By the motion, Defendant seeks to redact several lines of the transcript from the court's November 9, 2015 oral argument hearing on the parties' cross-motions for summary judgment. Defendant argues that two statements made by Plaintiffs' counsel at that hearing mischaracterize deposition testimony of former Flowers Foods Chief Financial Officer Jimmy Woodward. Mr. Woodard's deposition was designated as a closed deposition with limited attendance by this court, see (#171), in light of the court's and parties' concerns regarding the potential disclosure of confidential and proprietary information. Defendants contend that they have designated as confidential (over no objection from Plaintiffs), much of the deposition testimony that they believe rebuts the alleged misstatements at the hearing. In light of that fact, Defendants contend that redaction of Plaintiffs' counsel's statements from the official transcript

-1-

is warranted based on both confidentiality considerations and the need to protect Defendants from undue burden and oppression pursuant to Fed. R. Civ. P 26(c). See id. ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"). Defendants contend that they would suffer undue burden and oppression from the alleged mischaracterization of Mr. Woodward's testimony in the official and public transcript of the Summary Judgment Hearing because Plaintiffs' counsel may attempt to use discovery and other materials from this case in other litigation (also filed by Plaintiff's counsel against Defendants).

Plaintiffs indicate in their Response Brief (#207) that they misunderstood the scope of Defendants' Motion when Defendants asked before filing if Plaintiffs would object to a Motion to Redact. Specifically, Plaintiffs state that Defendants did not disclose that their motion would be based on allegations that Defendants faced undue burden and oppression purportedly due to mischaracterization of Mr. Woodward's deposition testimony. Local Civil Rule 7.1(B), which governs the requirement of consultation in civil actions in this district, provides: "[a]ny motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved." Based on Plaintiff's representations, it does not appear that the parties have attempted in good faith to resolve the area of disagreement now presented to the court. The court will therefore deny Defendants' Motion without prejudice and require the parties to fully comply with Local Rule 7.1 before hearing the motion. The court notes that it has seen the parties in this case reach amicable

resolution on a variety of issues throughout the course of this litigation, and encourages the parties to do so again regarding the confidentiality concerns that Defendants raise here.

If the parties are unable to reach a resolution without a decision from the court, they are directed to contact Judge Cayer's chambers and schedule a time to confer with Judge Cayer to resolve the confidentiality concerns related to discovery materials that Defendants have raised in their motion in a manner consistent with the conference requirements anticipated in Fed. R. Civ. P. 16(b)(1)(B). If, after conferring with Judge Cayer, the parties have not resolved this dispute, Defendants may renew their motion to redact portions of the Summary Judgment Hearing Transcript. In light of the foregoing, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Redact Portions of Transcript of Motion for Summary Judgment Hearing (#200) is **DENIED WITHOUT PREJUDICE.** The parties are directed to meet and confer about this matter pursuant to LCvR7.1(B). If they are unable to reach an amicable resolution to the issues presented in Defendants' Motion, the parties are directed to request a conference with Magistrate Judge Cayer.

The Clerk of Court is respectfully requested to send a copy of this Order to the Honorable David Cayer, U.S. Magistrate Judge for the Western District of North Carolina.

Signed: March 2, 2016

Max O. Cogburn Jr
United States District Judge