UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00596-MOC-DSC

| | | |
|---|---|---|
| **WILLARD ALLEN RILEY** | ) | |
| **MARIO RONCHETTI** | ) | |
| **SCOTT REHBERG, individually and on behalf of** | ) | |
| all similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | FINAL ORDER |
| | ) | |
| **FLOWERS BAKING COMPANY OF** | ) | |
| **JAMESTOWN, LLC** | ) | |
| **FLOWERS FOODS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the joint Motion for Final Approval of Class and Collective Action Settlement (#248) and unopposed Motion for Attorney Fees, Costs, and Payment of Service Awards (#244). Having considered those motions, the proposed settlements, the presentation of the parties as made at the June 27, 2017, hearing, and reviewed the transcript of that hearing, the court finds that all aspects of the Class Action Fairness Act, 28 U.S.C. § 1715, have been fully complied with and that the settlement is a reasonable resolution of this dispute, and that the fees, costs, and service awards are also reasonable as fair as more fully discussed at the hearing, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the unopposed Motion for Attorney Fees, Costs, and Payment of Service Awards (#244) is **ALLOWED**, and the Court **AWARDS** Class Counsel

1

attorneys' fees and reimbursement of expenses in the amount of $3.8 million. As the service awards are to representative members of the class, such awards are addressed *infra*;

**IT IS FURTHER ORDERED** that the joint Motion for Final Approval of Class and Collective Action Settlement (#248) is **GRANTED**, as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court has jurisdiction over the Parties, has subject-matter jurisdiction over the federal law claims, and has supplemental jurisdiction over the state-law claims.

3. The Court hereby approves the Settlement Agreement and the terms set forth therein as fair, adequate, and reasonable, and hereby directs the Parties to perform, or cause to be performed, the remaining terms of the Settlement as set forth in the Settlement Agreement. The Court authorizes the payment by the Settlement Administrator, of Valid Claims that have been approved by the Settlement Administrator, in accordance with the terms of the Settlement Agreement. The Court further approves the Parties' agreement to maintain a reserve fund of 1% of the settlement, or $52,000 to be held for payments to self-identified Class members, if any.

4. This Court hereby dismisses with prejudice this action, specifically including the Released Claims.

5. Upon entry of this Final Approval Order, all Named Plaintiffs and NCWHA Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Settlement Agreement, against all Releasees, that were brought or which could have been brought in an action arising out of or relating to allegations of misclassification as independent contractors set forth in the Complaint. In addition, FLSA

Settlement Releasors who choose to release their FLSA claims against Releasees will be required to execute a release of claims on the Current or Former Distributor FLSA Claim Form and Release.

6. This Court finds that the administration of the Settlement process was performed in accordance with the Preliminary Approval Order entered by this Court on March 17, 2017 (#242), and that the Settlement Notice was reasonable, constituted the most practicable notice under the circumstances, and complied with the requirements of the Federal Rules of Civil Procedure and due process.

7. This Court finds that the administration of the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was performed in accordance with the Preliminary Approval Order entered by this Court on March 17, 2017 (#242), and with the requirements of CAFA.

8. Mark Dixon, XXX XXXXX XXXXX, Salisbury, NC 28146 is excluded from the settlement and shall not be bound by this Order and shall not receive any benefits of the settlement.

9. This Court hereby approves the Service Awards of $12,500 to Plaintiffs Scott Rehberg, Willard Allen Riley, and Mario Ronchetti, and directs payment of that amount from the Class Settlement Fund to each of them, in accordance with the terms of the Settlement Agreement.

10. The parties' request for appointment of Legal Aid of North Carolina, 224 S. Dawson Street, Raleigh, NC 27601, as the *cy pres* beneficiary is approved.

11. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of any Releasees; (b) an admission or concession by Plaintiffs or any Class or Collective Action Member of an infirmity in the claims asserted in the operative complaint filed in this action; (c) an admission of,

or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

12. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) the implementation of the Settlement; and (b) the Parties and their counsel, and the Settlement Administrator, for the sole purpose of construing, enforcing, and administering the Settlement and this Order.

The Clerk of Court is directed to enter Judgment reflecting this Final Order approving the settlement and awarding fees, costs, and service awards.

Signed: June 30, 2017

Max O. Cogburn Jr.
United States District Judge